IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, ) | CRIMINAL NO. 13-227 |
| ) | |
| v. ) | CHIEF JUDGE JOY FLOWERS CONTI |
| ) | |
| **NEAL PRENCE**, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM OPINION

CONTI, Chief District Judge.

Defendant Neal Prence ("Prence") filed a motion to withdraw his guilty plea and enter a plea of nolo contendere. (ECF No. 315). The government "strongly opposes" the motion (ECF No. 322). The court held a hearing on the motion on June 1, 2017 and denied it for the reasons set forth on the record. This memorandum opinion will more fully discuss those reasons.

Factual and Procedural Background

Prence is a certified public accountant ("C.P.A."). In count six of the indictment at Criminal No. 13-227, Prence is charged with tax conspiracy, in violation of 18 U.S.C. § 371, along with co-defendant Nicholas Trombetta ("Trombetta"). On September 28, 2016, the court held a waiver of jury trial and entry of guilty plea hearing for defendant. There were two lengthy sidebars: (1) to discuss the terms of the plea agreement negotiated by the parties; and (2) to discuss Prence's request to enter a plea without admitting responsibility, which the government opposed. The court ultimately accepted Prence's guilty plea to count six of the indictment as knowing and voluntary, but deferred acceptance of the Rule 11(c)(1)(C) plea agreement until its review of the presentence investigation report.

In the instant motion, Prence contends that he recently computed the "actual tax loss" and believes it is either minimal or nonexistent. The plea agreement, ¶ C(3), contains a stipulation that the tax loss (for purposes of U.S.S.G. § 2T4.1) is $250,000 to $550,000, which far exceeds what Prence now believes the government can prove. In addition, Prence believes that a plea of nolo contendere may help him retain his C.P.A. license. The government argued that Prence did not show good cause to withdraw his guilty plea and opposed entry of a nolo contendere plea as a matter of policy.

Legal Analysis

There is no absolute right to withdraw a guilty plea. *United States v. Ho-Man Lee*, 664 F. App'x 126, 127–28 (3d Cir. 2016) (citing *United States v. Vallejo*, 476 F.2d 667, 669 (3d Cir. 1973)). A defendant faces a "substantial burden" in demonstrating that withdrawal should be allowed. *Id*. (citing *United States v. Siddons*, 660 F.3d 699, 703 (3d Cir. 2011)). Federal Rule of Criminal Procedure 11(d)(2)(B) states, "[a] defendant may withdraw a plea of guilty ... after the court accepts the plea, but before it imposes sentence if ... the defendant can show a fair and just reason for requesting the withdrawal."

The court applies the three "*Jones* factors" to evaluate whether a defendant has articulated a "fair and just reason" to withdraw his plea: (1) whether the defendant asserts his innocence; (2) the strength of the defendant's reasons for withdrawing the plea; and (3) whether the government would be prejudiced by the withdrawal. *Id*. (citing *United States v. Jones*, 336 F.3d 245, 252 (3d Cir. 2003)). To satisfy the first factor, a defendant must make a credible showing of innocence, supported by a factual record. *Id*. A "blanket assertion of innocence" will not suffice. In analyzing the second factor, a defendant must give "strong reasons" to justify

withdrawing what the court has described as a "solemn admission" of guilt. *Id*. (citing *United States v. Isaac*, 141 F.3d 477, 485 (3d Cir. 1998)). A "shift in defense tactics, a change of mind, or the fear of punishment are not adequate reasons" to withdraw a guilty plea.

The government contends that Prence fails on all three *Jones* factors. With respect to "innocence," the government argues that Prence did not deny his agreement with Trombetta to file a false tax return for 2011 and points out that Prence's computation of the tax loss does not affect his guilt, but only his possible sentence. The government argues that Prence's asserted reasons are weak, noting that he entered into a stipulation regarding the amount of tax loss and disclosed no new information. Third, the government contends that it will be prejudiced by having to present evidence at the sentencing hearing rather than relying on the negotiated tax loss. The government contends that a nolo contendere plea would undermine the deterrent effect on other would-be tax violators. The government points out that, if a nolo contendere plea is accepted, Prence will lose the benefit of: (1) the Rule 11(c)(1)(C) agreement to cap his sentence at 24 months; and (2) three points for acceptance of responsibility.

Prence did not claim "innocence" in the motion or at the hearing. Instead, he wanted to enter a plea of nolo contendere. The amount of the tax loss is not an element of the tax conspiracy crime to which he pled guilty. *See* Transcript of Plea Hearing at 41-42 (prosecution outlining elements and Prence admitting that his agreement with Trombetta to file a 2011 tax return that understated Trombetta's income met those elements). In addition, the plea colloquy reflects that the court had a detailed discussion at sidebar with Prence and his attorney about what the government could show, what Prence would have to specifically admit, and the

3

government's unwillingness to agree to an *Alford* plea or a plea of nolo contendere.[1] (Tr. at 18-24, filed under seal at 16-mc-838). Prence proceeded in open court to admit to the conduct that met the elements of the offense and entered a plea of guilty. (Tr. at 40-42, ECF No. 323). Thus, Prence failed to establish the first *Jones* factor.

Prence gave two reasons for wanting to withdraw his guilty plea, neither of which is "strong." First, Prence argued that his recent tax loss calculations would support a lower loss amount. He did not point to new evidence, but merely a new computation. This matter is an issue for sentencing, not guilt, and Prence will have a full opportunity to present his position to the court. The stipulated tax loss in the plea agreement is not binding on the court and Prence retains the ability to present evidence regarding the government's "actual loss" to the extent the information was not within his knowledge at the time he signed the plea agreement. *See* ¶ C(3). His concern about his sentence is minimized by the government's Rule 11(c)(1)(C) agreement to cap the prison term at 24 months and a stipulated tax loss between $250,000 and $550,000. Prence will lose this benefit by withdrawing his plea.[2] Second, Prence now wishes to enter a nolo contendere plea, in an effort to retain his C.P.A. license. The court addressed alternatives to a guilty plea at length with Prence at sidebar during the original plea hearing. (Tr. at 18-24, filed under seal at 16-mc-838). The government refused to agree and Prence ultimately chose

---

[1] *Alford* pleas and pleas of nolo contendere are similar. In an *Alford* plea, a defendant enters a guilty plea while expressly insisting on his innocence, while in a plea of nolo contendere, the defendant waives trial and accepts his sentence but simply refuses to admit the crime. *See United States v. Mackins*, 218 F.3d 263, 267 (3d Cir. 2000) (citing *North Carolina v. Alford*, 400 U.S. 25 (1970)).

[2] The resulting guideline range could be substantially higher. Pursuant to U.S.S.G. § 2T1.1 Note (A): "If the offense involved filing a tax return in which gross income was underreported, the tax loss shall be treated as equal to 28% of the unreported gross income . . . unless a more accurate determination of the tax loss can be made." In this case, as noted during the hearing, the unreported gross income was approximately $8,000,000, which arguably could result in a presumptive tax loss of $2,240,000.

voluntarily to proceed with the entry of the guilty plea. The court finds that Prence failed to satisfy the second *Jones* factor.

The third *Jones* factor regarding prejudice to the government is neutral and does not weigh in favor of either granting or not granting the motion. The government's claim of prejudice is somewhat weak because Prence would still enter a plea and be sentenced, and the government will be required to present evidence for restitution and sentencing in any event. On the other hand, the government is generally entitled to rely on the enforceability of plea agreements entered into with defendants.

Conclusion

After considering all the factors, the court found that Prence did not meet the substantial burden to withdraw his guilty plea. Defendant's motion to withdraw his guilty plea and enter a plea of nolo contendere (ECF No. 315), was DENIED.

Dated: June 14, 2017

BY THE COURT:

/s/ Joy Flowers Conti
Chief United States District Judge